IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE JONES,

    Plaintiff,                    No. CIV S-03-0170 GEB DAD P

    vs.

CONSTANCE CUMMINGS, et al.,

    Defendants.           <u>ORDER</u>

/

        By order dated June 13, 2005, and filed June 14, 2005, the undersigned dismissed plaintiff's complaint with thirty days leave to file an amended complaint. Plaintiff was instructed to provide more details regarding the events giving rise to his excessive force claim and to allege facts concerning the events that formed the basis for his criminal plea under California Penal Code § 243(b) for battery against an officer performing her duties. Plaintiff was informed that his amended complaint must be complete and that each claim and the involvement of each defendant must be alleged as if the pleading were the first complaint filed in this case. Plaintiff was ordered to title his pleading "Amended Complaint." The thirty day period has expired and plaintiff has not filed a document that complies with these requirements.

        On July 1, 2005, plaintiff submitted a document dated June 21, 2005, and titled "Order." The filing provides some details concerning plaintiff's interaction with defendant

Cummings on March 10, 2002.  Attached to plaintiff's unsworn statement is a two-page exhibit and a proof of service that refers to the document as "Legal Document Order."  Plaintiff's filing cannot be construed as an amended complaint because it does not identify the parties, does not identify the claims or causes of action alleged against the defendant or defendants, and does not contain a prayer for relief.  See Fed. R. Civ. P. 8.  Nor does the filing comply with the court's order directing plaintiff to allege facts concerning the events that formed the basis for his criminal plea under California Penal Code § 243(b) for battery against an officer.

Defendants Cummings and Beattie have moved to dismiss this action with prejudice based on plaintiff's failure to comply with the order requiring plaintiff to file an amended complaint.  The court finds dismissal inappropriate in light of the Ninth Circuit's order reversing and remanding this action and in light of the pro se plaintiff's response, albeit inadequate, to the court's order.  Plaintiff will be provided with a civil rights complaint form for his use in preparing an amended complaint.  Defendants' motion to dismiss with prejudice will be denied as moot.

Plaintiff is advised to complete all parts of the form complaint provided with this order.  Additional sheets of paper may be attached as needed.  In his statement of claim, plaintiff must allege with clarity a detailed account of his own actions and each defendant's actions up to the point that plaintiff was handcuffed.  Plaintiff must then allege with clarity a complete account of his own actions and each defendant's actions after he was handcuffed.  Plaintiff must state which acts are the basis for his federal claims of excessive force.  Plaintiff must also identify the acts that formed the basis for his criminal plea under California Penal Code § 243(b) for battery against an officer performing her duties.

As defendants have noted in their motion, the court has cautioned plaintiff that failure to file and serve an amended complaint in accordance with the court's order "may result in a recommendation that this action be dismissed for failure to comply with court orders and for lack of prosecution."  Plaintiff is cautioned again that failure to comply with court orders may

result in a recommendation that the action be dismissed as a sanction. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order to file and serve an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint." Plaintiff must serve a copy of the amended complaint on defendants' counsel and attach a proof of service to the amended complaint submitted to the court for filing. Failure to file and serve an amended complaint that complies with this order and the court's order filed June 14, 2005, may result in a recommendation that this action be dismissed.

2. Defendants' July 18, 2005 motion to dismiss as a sanction for failure to comply with this court's order filed June 14, 2005, is denied.

3. The Clerk of the Court shall send plaintiff, with his copy of this order, a form complaint for a prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.

DATED: July 28, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jone0170.14s