IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE JONES,

    Plaintiff,                                    No. CIV S-03-0170 GEB DAD P

    vs.

CONSTANCE CUMMINGS, et al.,

    Defendants.                             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this civil rights action. The matter is before the court on defendants' motion for dismissal of the entire action, with prejudice, pursuant to Fed. R. Civ. P. 37(b) and (d) and Fed. R. Civ. P. 41(b).

        By order signed January 19, 2006, the undersigned granted defendants' motion to compel responses to Defendants' Special Interrogatories (Set Two) and Request for Production of Documents (Set Two). Plaintiff was ordered to serve responses, without objections, within twenty days and to file proof of having served the responses. On February 24, 2006, defendants moved for dismissal of the action on the ground that plaintiff failed to comply with the court's order requiring him to serve responses to their discovery requests. Plaintiff has not filed proof of having served responses to the requests and has not filed opposition or otherwise responded to defendants' motion to dismiss.

1

If a party fails to obey an order to provide or permit discovery, "the court in which the action is pending may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). Permissible orders include the following:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) **An order** striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action** or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A) - (C) (emphasis added). If a party fails to respond to interrogatories properly served pursuant to Rule 33, "the court in which the action is pending on motion may make such orders in regard to the failure as are just," including the actions authorized under subparagraphs (A), (B), and (C) of Rule 37(b)(2). Fed. R. Civ. P. 37(d).

"For failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The Local Rules provide as follows:

> Failure of counsel or of a party to comply with these Rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court, including, without limitation, dismissal of any action, entry of default, finding of contempt, imposition of monetary sanctions or attorney's fees and costs, and other lesser sanctions.

Local Rule 11-110. The factors to be weighed in determining whether to dismiss an action for failure to comply with a court order are identical to the factors to be considered when deciding whether to dismiss for lack of prosecution. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Those factors are as follows: (1) the public interest in expeditious resolution of litigation;

(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).  Dismissal is a harsh penalty that should be reserved for extreme circumstances.  Ferdik, 963 F.2d at 1260.

In the present case, plaintiff has committed multiple violations of the court's March 23, 2004 discovery order, which requires the parties to serve responses to discovery requests within 45 days after service of the request, and the court's February 26, 2003 order requiring the parties to brief all motions to dismiss, all motions concerning discovery, and all motions pursuant to Fed. R. Civ. P. 41.  Plaintiff has failed to comply with the court's January 19, 2006 order requiring him to serve responses to defendants Special Interrogatories (Set Two) and Request for Production of Documents (Set Two) within twenty days and further requiring him to file a copy of the responses with proof of service on defendants' counsel.

Plaintiff's prosecution of this action has been minimal since June 7, 2005, when the judgment previously entered for defendants on October 6, 2004, was vacated and the matter was remanded for further proceedings.  On June 14, 2005, in accordance with the Ninth Circuit's order, the undersigned dismissed plaintiff's complaint with leave to amend.  After plaintiff failed to file an amended complaint, defendants moved to dismiss the action for failure to comply with the June 14, 2005 order.  In the interests of justice, the undersigned sua sponte issued an order on July 29, 2005, granting the pro se plaintiff an additional thirty days to file an amended complaint. Plaintiff filed a four-page amended complaint on August 9, 2005.  Plaintiff has not filed any document in this case since August 9, 2005.

Plaintiff's failure to respond to properly served discovery requests, failure to oppose defendants' motion to compel, failure to comply with the order compelling him to respond to defendants' discovery requests, and failure to oppose defendants' motion to dismiss constitute multiple violations of applicable rules and court orders as well as failure to prosecute this action.  Plaintiff's violations warrant the imposition of sanctions pursuant to Fed. R. Civ. P.

3

37(b) and (d), Fed. R. Civ. P. 41(b), and Local Rule 11-110.  The pro se plaintiff is proceeding in forma pauperis and cannot pay a monetary sanction.  None of the lesser sanctions suggested by Rule 37(b) are appropriate.  The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal.  While the public policy favoring disposition on the merits counsels against the dismissal of any action, the plaintiff in this case has forfeited the benefit of that policy by failing to prosecute his case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' February 24, 2006 motion to dismiss pursuant to Fed. R. Civ. P. 37(b) and (d) and Fed. R. Civ. P. 41(b) be granted; and

2. This action be dismissed with prejudice as a sanction for plaintiff's failure to comply with applicable rules and court orders and for failure to prosecute this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy on all other parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served and filed within ten days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
jone0170.mtdR37

4